UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JERRAMY CANTRELL, | ) |
| Plaintiff, | ) ) ) 3:22-CV-00169-DCLC-DCP |
| vs. | ) ) |
| SYNEOS HEALTH, LLC, | ) ) |
| Defendant. | ) ) ) |

**ORDER**

Plaintiff Jerramy Cantrell initiated this action against his former employer, Syneos Health, LLC, ("Syneos") in the Circuit Court for Knox County, Tennessee, alleging Syneos violated Tennessee state law by terminating him for his refusal to be vaccinated against COVID-19 [Doc. 1-2]. Defendant subsequently removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 [Doc. 1]. Thereafter, the parties filed a Joint Motion to Stay Case Pending Arbitration [Doc. 5] informing the Court that they have agreed to proceed with this matter in arbitration pursuant to the parties' Mutual Arbitration Agreement for the resolution of employment-related disputes. Citing the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, the parties request that this matter be stayed pending the outcome of arbitration.

The FAA provides that when a court finds a case is "referable to arbitration under an agreement in writing for such arbitration," the court "shall on the application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3. However, the Sixth Circuit has rejected the notion that this provision requires a district court to stay, rather than dismiss, a case pending arbitration. *Ozormoor v. T-*

1

*Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (citing *Arnold. v. Arnold Corp.*, 920 F.2d 1269, 1275 (6th Cir. 1990)). Likewise, this Court has acknowledged, "when the court determines that all claims in a cause of action are to be submitted to arbitration, it may dismiss, rather than stay the action because staying the action will serve no purpose." *SL Tennessee, LLC v. Ochiai Georgia*, LLC, 2012 WL 381338, at *3 (E.D. Tenn. February 6, 2012) (internal quotations omitted).

Here, the parties agree Plaintiff's claims are subject to the arbitration agreement he entered into with Syneos during his employment [Doc. 5-1] (that agreement provides, "[a]ll disputes, claims, complaints, or controversies…arising out of and/or related to…the termination of your employment with [Syneos] will be resolved by arbitration and NOT by a court or jury.")(emphasis in the original). Because the entirety of Plaintiff's Complaint is subject to arbitration, a stay of this matter would serve no purpose. Therefore, dismissal of Plaintiff's Complaint, rather than a stay of the case, is appropriate. Accordingly, the parties' Joint Motion to Stay Case Pending Arbitration [Doc. 5] is **DENIED**. Plaintiff's Complaint [Doc. 1-2] is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge